Opinion filed August 6, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 6,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00341-CR 

                                                    __________

 

                                LARRY JOSEPH WILKINS, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

                                                          Brown
County, Texas

                                                 Trial
Court Cause No. CR18056

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

 The
jury convicted Larry Joseph Wilkins of possession of a controlled substance,
and the trial court assessed his punishment at six months confinement.  We
affirm.

                                                             I. 
Background Facts








 Brownwood
Police Officer Joe Aaron Taylor was on patrol when he noticed a vehicle with an
expired inspection sticker.  He conducted a traffic stop and determined that
the vehicle had a fictitious inspection sticker.  The driver was handcuffed and
placed in Officer Taylor=s
vehicle.  Wilkins was in the front seat.  Officer Taylor asked him to identify
himself.  He initially said that his name was Roger Allen Wilkins, but he later
gave Officer Taylor his correct name.  Officer Taylor discovered that
Wilkins had three outstanding warrants.  Wilkins was handcuffed and was placed
under arrest.  Officer Taylor searched Wilkins and checked his pockets but not
his shoes or the inside of his clothing.  No contraband or weapons were found. 
Officer Art Shannon arrived as backup, and Wilkins was placed in the back of
Officer Shannon=s
vehicle.  Officer Taylor completed his investigation and then moved Wilkins to
his own vehicle.  Officer Shannon noticed a plastic baggie with a white powdery
substance on the floor next to the partition between the front seat and
backseat in his car.  The substance in the baggie was tested.  It weighed .49
grams and contained  methamphetamine.

                                                                       II. 
Issues

Wilkins
challenges his conviction with two issues, contending that his trial counsel
was constitutionally ineffective and that the evidence was legally or factually
insufficient.

                                                         III. 
Ineffective Assistance

To
determine if trial counsel rendered ineffective assistance, we must first
determine whether Wilkins has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984).  We must indulge
a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
Wilkins must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v.
State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).  An allegation of
ineffective assistance must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.  Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  Under normal
circumstances, the record on direct appeal will not be sufficient to show that
counsel=s representation
was so deficient and so lacking as to overcome the presumption that counsel=s representation was
reasonable and professional.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).

Wilkins
argues that his trial counsel was constitutionally ineffective because he did
not call Wilkins=s
stepdaughter as a witness.  The record does not indicate what testimony Wilkins=s stepdaughter would have
provided or why counsel did not call her.  Without this, we cannot conclude
that counsel=s
decision was inappropriate or that it resulted in harm.








Wilkins
also complains because counsel conducted a cursory voir dire.  Wilkins does not
identify any issue that counsel should, but did not, address during voir dire. 
Counsel told the panel that, because the State had covered most of the issues,
he would not be long, but he did cover two examples of circumstantial evidence
leading to the wrong conclusion, deference to police officers, the right to
remain silent, and perceptions of drug cases.  We cannot conclude that counsel
should have covered additional areas or that Wilkins was harmed by the failure to
do so.

 Finally,
Wilkins contends that counsel did not strike two jurors who admitted being
friends with law enforcement witnesses.  One of the veniremembers that Wilkins
identifies, Venireman No.14, was in fact struck by his counsel.  The second
veniremember, Venireman No. 23, indicated that he knew the officers but stated
that this created no problem and that he could listen to their testimony.  The
record does not indicate why counsel exercised his strikes as he did.  Because
Brownwood is a small community, we cannot conclude that counsel had no choice
but to strike this veniremember merely because he knew the officers.  For
example, counsel could have reasonably determined that other veniremembers were
more objectionable.  Issue Two is overruled.

                                                     IV.
Sufficiency of the Evidence  

Wilkins
argues that the evidence is insufficient because there was only circumstantial
evidence connecting him to the drugs and because much of the evidence was
inconsistent with the State=s
allegation.  We will apply the following well‑recognized standards of
review to Wilkins=s
sufficiency challenges.  To determine if the evidence is legally sufficient, we
must review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  To determine if the evidence is factually sufficient, we must review
all of the evidence in a neutral light and determine whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence.  Watson v. State, 204 S.W.3d
404, 414‑15 (Tex. Crim. App. 2006).








Wilkins
draws our attention to the fact that he was searched before being placed in the
vehicle, that he was handcuffed and wearing a tank top, and that no one saw him
acting suspiciously. Officer Shannon testified that the baggie was not in his
car before Wilkins was detained but was there when Wilkins was moved.  Officer
Shannon always inspects his vehicle at the start of his shift.  This includes
looking in the backseat.  The backseat area is easy to inspect because the seat
is made of hard plastic rather than cushions and there are no floor mats. 
Officer Taylor=s
traffic stop was Officer Shannon=s
first call that day.  Wilkins was alone in the vehicle for five to ten
minutes.  Because Officer Shannon was assisting Officer Taylor, he did not
observe Wilkins the entire time.  Officer Taylor checked the inside of Wilkins=s pockets before placing
him in Officer Shannon=s
vehicle, but he did not search Wilkins=s
shoes or the inside of his clothes.  Officer Taylor and Officer Shannon
both testified that they have seen people wearing handcuffs reach into their
clothes.  Officer Taylor testified that he has seen people retrieve items from
some Aremarkable
locations@ while
wearing handcuffs.  Officer Shannon has seen people take off clothes and has
also seen them use cell phones.

The
evidence is legally and factually sufficient.  The jury could accept Officer
Shannon=s testimony
that there was nothing in his backseat before Wilkins was placed there and that
a baggie with methamphetamine was there when he was moved.  The jury could also
reasonably conclude that this baggie was on Wilkins=s person, but not in a pocket, and that
Wilkins removed it and left it in the floorboard while Officer Taylor finished
his investigation.  Issue One is overruled.

                                                         V. 
Holding 

 
The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

August 6, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.